# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> KEVIN HERRING, <br><br> Defendant. | No. 18-CR-58-LRR <br><br> **ORDER** |

_____

## I. INTRODUCTION

This case is before the Court pursuant to defendant's Motion in Limine. (Doc. 27). The government timely filed a response to the motion. (Doc. 30). On September 24, 2018, the Court heard argument from the parties on this motion during the final pretrial conference. Neither party cited any cases or authority for their respective positions in either their briefs or during argument, aside from references to the Federal Rules of Evidence. For the following reasons, the Court **denies in part**, and **holds in abeyance in part**, defendant's Motion in Limine.

## II. RELEVANT BACKGROUND

On July 11, 2018, the Grand Jury issued a superseding indictment charging defendant with: sexual exploitation of a child in violation of 18 U.S.C. §§ 2251(a) and 2251(e) (Count 1); enticement of a minor in violation of 18 U.S.C. § 2422(b) (Count 2); and receipt of child pornography in violation of 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1) (Count 3). (Doc. 11). On September 13, 2018, defendant filed a Motion in Limine, seeking a court order limiting, preventing, and restricting the Government from introducing at trial:

1) "Evidence and/or testimony regarding the prior criminal and arrest history of defendant, prior "bad acts" of defendant."

2) Evidence and/or testimony regarding any "street name," nickname or moniker of defendant.

3) Evidence and/or testimony regarding defendant's detention prior to trial.

4) Evidence and/or testimony regarding defense counsel's appointment via defendant's indigent status.

5) Evidence and/or testimony regarding defendant's status as a probationer, as a supervised release participant, and defendant's placement within the residential reentry center.

6) Evidence and/or testimony of lay or law enforcement witnesses who seek to recite statements from others, whether or not those are offered for the truth of the matter or simply as an explanation of why the lay witness or law enforcement took a specific route of action.

7) Evidence and/or testimony that is sought that is hearsay of any witness or the defendant.

8) Evidence and/or testimony sought to be established or used as a "co-conspirator" that is hearsay.

(Doc. 27).

### III. ANALYSIS

The Court will address each of defendant's arguments individually.

#### A. *Defendant's Criminal History*

Defendant seeks to bar evidence of his prior criminal and arrest history, along with evidence of any prior "bad acts." (Doc. 27, at 1). Defendant argues that his prior criminal history is not relevant to a material issue. (Doc. 27-1, at 2). In response, the government contends that it "is not seeking to introduce evidence of defendant's prior convictions, arrests, or unrelated bad acts" under Rule 404(b). (Doc. 30, at 1). The

government further asserts that it will alert the Court if the government believes it has any Rule 404(b) evidence "before seeking to introduce this evidence." (*Id.*). Finally, the government has alerted defendant and the Court that, if defendant testifies, the government may seek to introduce evidence of defendant's prior convictions that qualify for admission under Federal Rule of Evidence 609. (*Id.*).

During the final pretrial conference, defendant agreed that the government's response renders this portion of defendant's motion moot. Accordingly, the Court **denies** this portion of defendant's motion as moot.

### B. *Defendant's Street Names*

Defendant seeks to bar the government from introducing evidence of any street name, nickname, or moniker in reference to defendant. (Doc. 27, at 1). In response, the government stated that it was not aware of any street name, nickname, or other moniker to refer to defendant other than defendant's use of the initials "K.G." in some of the Facebook communication between him and the alleged victim. (Doc. 30, at 1-2).

During the final pretrial conference, defendant agreed that the government's response rendered this portion of defendant's motion moot. Accordingly, this portion of defendant's motion is **denied as** moot.

### C. *Evidence Regarding Defendant's Detention Prior to Trial*

Defendant seeks to bar admission of evidence that defendant was detained prior to trial, arguing that such evidence would be unfairly prejudicial to him. (Docs. 27, at 1; 27-1, at 4). The government argues that the fact of defendant's detention is inextricably intertwined with evidence of defendant's communication with another inmate while incarcerated pending trial. (Doc. 30, at 2). The government further states that "it will not be possible to avoid the fact of [defendant's] detention when discussing these communications." (*Id.*). At the final pretrial conference, the government also mentioned the possibility of introducing recorded jail calls into evidence, which by their nature may

3

reveal that defendant was incarcerated at the time of the calls. Finally, the government argues that references to defendant's incarceration would not substantially outweigh the probative value of the communications. (*Id.*).

Relevant evidence is evidence that has any tendency to make the existence of any fact of consequence more probable or less probable than it would be without the evidence. FED. R. EVID. 401. Federal Rule of Evidence 403 provides:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger or one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

FED. R. EVID. 403. Unfair prejudice under Rule 403 means an undue tendency to suggest a decision on an improper basis. *United States v. Condon*, 720 F.3d 748, 755 (8th Cir. 2013) (quoting *Firemen's Fund Ins. Co. v. Thein*, 63 F.3d 754, 758 (8th Cir. 1995)). Evidence is not unfairly prejudicial because it tends to prove guilt, but only when it tends to encourage the jury to find guilt from improper reasoning. *Id.* (quoting *United States v. Muhlenbruch*, 634 F.3d 987, 1001 (8th Cir. 2011)).

Evidence that defendant made admissions to another inmate regarding the alleged criminal conduct during a series of conversations that took place while the inmates were incarcerated together provides structure or context for the alleged admissions. Such evidence would provide the jury with a complete understanding of the nature and circumstances of the admissions. As such, the fact that defendant was incarcerated and therefore had the opportunity and motive to discuss his charges with another person accused of a crime is relevant. To the extent that the government introduces incriminating statements defendant made in recorded telephone calls while incarcerated, the fact of incarceration is relevant to explain why defendant made the calls and how the government was able to obtain a recording of them. Thus, the Court finds defendant's incarceration relevant under Rule 402 of the Federal Rules of Evidence.

The fact that defendant was incarcerated at the time is prejudicial, but not unfairly so, and not to the extent that the prejudicial effect substantially outweighs the probative value of the evidence. This is particularly true in the event the jury learns only that defendant was incarcerated for some period of time in connection with the instant charge. *See, e.g.*, *United States v. Obi*, 239 F.3d 662, 668 (4th Cir. 2001) ("[T]he likelihood of additional prejudice to the jury [from learning a defendant had been incarcerated during a certain period of time] was slight[ ] [where] [t]he jury learned only [of] . . . an arrest about which [the jury] had already heard evidence . . . ."); *United States v. Mauro*, 80 F.3d 73, 76 (2d Cir. 1996) (finding district court did not abuse its discretion in admitting evidence that defendant was incarcerated because the evidence was relevant as background and to explain motive for defendant's conduct); *United States v. Champion*, 813 F.2d 1154, 1172-73 (11th Cir.1987) (evidence relating to co-conspirator's incarceration and time in a halfway house was properly admitted to show how the co-conspirator participated in the conspiracy while incarcerated).

Evidence that defendant was incarcerated at some point in time in connection with the instant charge is far less prejudicial than evidence of defendant in "cuffs, belly chain, or shackles." (Doc. 27-1, at 4). *See Estelle v. Williams*, 425 U.S. 501, 503, 505 (1976) (finding that having a defendant appear at trial in "prison garb" was "likely to be a continuing influence throughout the trial"). Therefore, in conducting the Rule 403 balancing test, the Court finds that evidence of defendant's incarceration is admissible to the extent that the evidence is tied to alleged admissions defendant made to another inmate or telephone calls defendant made while incarcerated.

Because there is some danger of prejudice to defendant, however, the government should not introduce cumulative evidence of defendant's incarceration, nor dwell on the evidence. Further, a limiting instruction may be appropriate. If defendant requests a limiting instruction, the Court will instruct the jury that defendant's incarceration is not

to be considered as proof of criminal propensity, but only as background information and to provide the jury with context for the evidence.

In summary, defendant's motion is **denied** as to evidence that defendant was incarcerated when he allegedly made incriminating statements.

### D.     *Defendant's Court-Appointed Counsel.*

Defendant seeks an order barring the government from introducing evidence of, or mentioning, that defendant has court-appointed counsel and is indigent. (Doc. 27, at 1). In response, the government contends that it does not intend to offer such evidence. (Doc. 30, at 2). During the final pretrial conference, defendant agreed that the government's response renders this portion of defendant's motion moot. Accordingly, this portion of defendant's motion is **denied as** moot.

### E.     *Defendant's Placement in a Residential Reentry Center*

Defendant seeks an order barring the government from introducing evidence that he was on supervised release and living in a residential reentry center during the time of the alleged criminal conduct and further asserts that the evidence is not relevant and is unfairly prejudicial. (Doc. 27, at 2-3). The government asserts that its evidence will consist of photos defendant took of himself while in the reentry center, references to the reentry center in Facebook communications with the victim, testimony about defendant working around his required presence in the reentry center to meet with and arrange transportation for the victim, a law enforcement interview of defendant in the reentry center, and testimony about a discussion defendant and the victim had about living together when he was released from the reentry center. (Doc. 30, at 2-3).

For the reasons and based on the authority stated above in reference to defendant's pretrial incarceration, the Court finds the fact that defendant was residing in a reentry center when he allegedly committed the crime relevant. The subject evidence provides

context and explanation for defendant's alleged conduct, and the Court finds there is no reasonable manner of redacting or restricting the evidence without misleading the jury.

Further, the government has listed a probation officer as a potential witness. It would not be possible for the officer to credibly testify without mentioning the officer's position as a probation officer and why the officer has knowledge of defendant and defendant's conduct. *See United States v. Chisholm*, No. 2:14-CR-132, 2015 WL 13309388, at *3-4 (E.D. Va. July 31, 2015) (denying a motion in limine to bar testimony of defendant's incarceration when a probation officer would testify about the defendant's involvement in a conspiracy during the time of the defendant's incarceration). The Court also finds, as it did regarding defendant's pretrial incarceration, that evidence of defendant's placement in a residential reentry facility is prejudicial, but that the danger of unfair prejudice does not substantially outweigh the probative value of the evidence.

Therefore, the Court finds that evidence that defendant was in a residential reentry center at the time of alleged criminal conduct is admissible, and the Court **denies** defendant's motion with respect to this issue. The underlying charge for which defendant was in the center is not relevant, however, and the government may not introduce evidence of the underlying charge unless the government is able to provide a valid basis for doing so under some rule of evidence that has yet to be addressed. Finally, if defendant requests, the Court will provide a limiting instruction to the jury regarding this issue.

### F.   *Evidence Not Offered for the Truth of the Matter Asserted*

Defendant seeks an order barring the government from having witnesses testify as to the statements of non-witnesses in order to explain subsequent conduct. (Doc. 27-1, at 4-6). Defendant asserts that the government is likely to introduce the statements as non-hearsay, based on the argument that the statements are not being offered for the truth of the matter asserted. (*Id.*). The government's response is that the government does

not intend to introduce inadmissible hearsay statements, but may seek to introduce statements that are not hearsay or that meet a hearsay exception. (Doc. 30, at 3). The government further explains that although it does not intend to introduce statements that would be hearsay if elicited from defendant, the government does intend to seek admission of statements that would be admissible under Federal Rule of Evidence 801(d)(2). (*Id.*).

Defendant's motion as to this issue is too vague and imprecise for the Court to rule on the pleadings. Defendant has not identified any specific statements defendant anticipates the government will offer, which leaves the Court with no context from which to determine whether the statements are hearsay, or whether the statements would be unfairly prejudicial. Moreover, a statement that is not offered for the truth of the matter asserted is not hearsay. *See* FED. R. EVID. 801(c)(2) (defining hearsay as a statement offered "in evidence to prove the truth of the matter asserted in the statement."). Defendant may renew his objection at trial, if defendant believes the government seeks to introduce statements that would be inadmissible hearsay. The Court holds defendant's motion in abeyance with respect to this issue.

### G. *Hearsay Testimony*

Defendant seeks an order barring hearsay statements by defendant and any other witness. (Doc. 27, at 2). The government responded by asserting that it will seek admission of statements by defendant, asserting they are not hearsay. (Doc. 30, at 3).

The government is correct that statements made by defendant, as a party opponent, are not hearsay when offered by the government. FED. R. EVID. 801(d)(2). Again, however, the Court is not in a position to rule on the admissibility of evidence in a vacuum. Defendant has not identified the specific statements he believes constitute inadmissible hearsay. The Court has no context upon which to enter an order in limine.

8

Therefore, the Court holds in abeyance defendant's motion in limine in abeyance with respect to this issue.

### H. Co-Conspirator Statements

Defendant seeks an order barring admission of "testimony sought to be established or used as a 'co-conspirator' that is hearsay." (Doc. 27, at 2). Defendant does not identify any specific statement that he believes is inadmissible. In response, the government contends that it may seek admission of statements made in jail calls as statements made by a co-conspirator. (Doc. 30, at 3).

Federal Rule of Evidence 801(d)(2)(E) provides that a statement is not hearsay if . . . [t]he statement is offered against an opposing party and . . . was made by the party's coconspirator during and in furtherance of the conspiracy." FED. R. EVID. 801(d)(2)(E). To admit evidence under Rule 801(d)(2)(E), the Court must first be satisfied that the evidence is admissible under the Rule. *Bourjaily v. United States*, 483 U.S. 171, 175 (1987). To make such a determination, the Court must find, by a preponderance of the evidence, that there was a conspiracy involving the declarant and the non-offering party and that the statement was made "during the course and in furtherance of the conspiracy." *Id*.

The Court cannot presently determine if any statements would be admissible under Rule 801(d)(2)(E) because the parties have not identified any particular statements as being in issue, the parties have not identified the declarant, and does the Court have an evidentiary basis upon which to determine the existence or scope of any conspiracy. Accordingly, the Court holds defendant's motion in abeyance with respect to this issue.

## IV. CONCLUSION

For the reasons set forth above, defendant's Motion (Doc. 27) for an Order in Limine is **denied in part**, and **held in abeyance in part**, as set forth above.

**IT IS SO ORDERED** this 26th day of September, 2018.

_____
C.J. Williams
United States District Judge
Northern District of Iowa